[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10353
Non-Argument Calendar
_____

D.C. Docket Nos. 1:17-cv-23174-RNS; 17-bkc-14566-LMI

CARLOS COLETTA,

Plaintiff-Appellant,

versus

THE BANK OF NEW YORK MELLON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2018)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Carlos Coletta, a debtor proceeding *pro se*, appeals the District Court's order affirming the Bankruptcy Court's grant of relief from an automatic stay to The Bank of New York Mellon ("Mellon"). He argues that the Bankruptcy Court erred because it did not stipulate whether it was "annulling, terminating, or modifying" the automatic stay, nor did it stipulate whether the automatic stay would remain in effect for other creditors. He also argues, relying on 11 U.S.C. § 362(d)(3), that the stay should not have been lifted before 90 days after the issuance of the order granting relief from the stay. For the reasons set forth below, we affirm.

We liberally construe complaints filed by *pro se* litigants, but issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (noting that *pro se* litigants are required to follow procedural rules). Furthermore, we will generally not consider an issue on appeal unless it was raised in the district court. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Coletta presented two arguments before the District Court. First, he argued that the Bankruptcy Court erred by terminating the automatic stay when, under 11 U.S.C. § 362(d), the court could have granted a partial lift of the stay. Second, Coletta argued that the relief the Bankruptcy Court provided left him unprotected from other creditors.

2

On appeal, Coletta presents two seemingly new arguments.  First, he argues that the Bankruptcy Court erred by failing to "stipulate if the stay has been modified, terminated or annulled" when it "simply [issued] . . . an order granting relief from the automatic stay as to 'Mellon'" without "mention[ing] if the Stay will remain in effect in regards to the other creditors."  Appellant's Br. at 10. Second, Coletta argues that the stay, pursuant to 11 U.S.C. § 362(d)(3), should not have been lifted before 90 days after the issuance of the order granting Mellon's motion.

The second of Coletta's arguments on appeal is certainly new—nothing resembling this argument was made before the District Court.  Thus, we decline to evaluate that argument on the merits.   Coletta's first argument on appeal, although phrased in a way that makes it seem distinct from his previous argument, effectively recapitulates his arguments before the District Court: that the Bankruptcy Court erred by terminating the automatic stay as to all creditors when it should have lifted the stay only as to Mellon.

The problem with this argument is not that it's new.[1]  The problem is that Coletta is tilting at windmills: the relief he seeks has already been granted by the Bankruptcy Court.  As the District Court explained, "The bankruptcy court's order

---

[1] We do not read Coletta's argument as a general challenge to the Bankruptcy Court's order granting Mellon relief from the stay.  Any argument to that effect would be barred as new.

is, in fact, *limited to only Bank Mellon* and Bank Mellon's interest in the Hialeah property.  Further, the bankruptcy court's order granting Bank Mellon relief from the stay *does not affect the protections Coletta may have from his secured creditors in his bankruptcy case.*"  *Coletta v. Bank of N.Y. Mellon*, No. 17-23174-Civ-Scola, 2018 WL 566450, at *1 (S.D. Fla. Jan. 22, 2018) (emphasis added).

Accordingly, we affirm the District Court's order.

**AFFIRMED.**